UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY GIRALDES, Jr.,<br><br>    Plaintiff,<br><br>    v.<br><br>M. BOBBALA, et al.,<br><br>    Defendants. | No. 2:17-cv-2602-KJM-EFB P<br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Defendants have filed a motion for a protective order (ECF No. 24) requesting that the court limit their obligations to respond to plaintiff's discovery requests. The crux of defendants' motion is that plaintiff's requests were not propounded in good faith because they duplicate prior discovery requests served by plaintiff in *Giraldes v. Nicolai*, No. 16-cv-0497-KJM-AC (E.D. Cal.), to which plaintiff has already received responses. Plaintiff has filed an opposition (ECF No. 27), stating emphatically that he has not received any discovery responses in *Nicolai*, where discovery has been stayed, and that issues in the two cases substantially overlap. Defendants' reply (ECF No. 28) in no way refutes plaintiff's assertions. As explained more fully below, defendants' motion for a protective order is denied.

/////

/////

1

I.  Legal Standards

The court has broad discretion to control discovery (*Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)), and shall limit discovery otherwise allowed where the burden or expense of discovery outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).  Where the discovery requests are excessive in number, often duplicative, and largely irrelevant, the court has the discretion to issue a protective order. *Rapaport v. Soffer*, No. 2:10-cv-935-MMD-RJJ, at *10 (D. Nev. Dec. 31, 2012); *see also* Fed. R. Civ. P. 26(c)(1).

II.  Analysis

In their motion, defendants repeatedly assert that plaintiff's voluminous discovery requests demonstrate bad faith because, per the *Nicolai* action, plaintiff is already in possession of the responses.  ECF No. 24-1 at 3, 4, 6.  In no uncertain terms, plaintiff challenges this basis for defendants' motion.  *See* ECF No. 27 at 2 ("the discovery in *Nicolai* has not been provided to plaintiff"); at 1 ("Defendants . . . fail to mention that the discovery in that case has not been answered"); at 4-5 ("Defendants['] claim [that] plaintiff has identical responses as part of *Nicolai* is false[. H]e served similar requests, but the *Nicolai* defendants have not provided any responses, and received a stay pending order by that court on failure to exhaust dismissal.  If defendants had given those responses, they would have attached them.  They did not, because they have not."); at 6 ("Plaintiff has not been given any discovery in *Nicolai*").  In their reply, defendants make no effort to set the record straight or otherwise refute these assertions.  *See* ECF No. 29.  The resulting implication is that defendants' motion was not well-founded and contains numerous misrepresentations to the court.

Defendants also draw attention to the fact that plaintiff "whited out" the caption of his *Nicolai* discovery requests for use in this case, arguing this "demonstrates that [plaintiff] is cognizant of the frivolousness of the request."  ECF No. 24-1 at 3.  To counter, plaintiff notes his limited resources as a pro se prisoner.  ECF No. 27 at 2.  He also states that the medical claims in this case involve the "same acts" at issue in *Nicolai*, which alleges retaliation claims.  *Id.* at 2, 5.  Defendants essentially concede this point in their reply.  *See* ECF No. 29 at 2 ("Plaintiff's theory of the case, seemingly in conjunction with the *Nicolai* matter, is that Defendants have

inadequately treated him in retaliation for his prior conduct"). Given that *Nicolai* and this action concern similar issues, coupled with the fact that plaintiff has not actually received any discovery responses in *Nicolai*, the court cannot find that plaintiff's use of duplicate requests demonstrates bad faith. Defendants, who also argue that plaintiff's requests are irrelevant, overbroad, and duplicative of earlier requests propounded in this action, have not shown why such concerns necessitate a protective order and cannot be addressed by way of proper objections. *See* ECF

III. Conclusion

Based on the foregoing, defendants' motion for a protective order (ECF No. 24) is DENIED.

DATED: June 28, 2018.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE