UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY GIRALDES, JR.,<br><br>    Plaintiff,<br><br>    v.<br><br>M. BOBBALA, et al.,<br><br>    Defendants. | No. 2:17-cv-2602-KJM-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, has filed a motion for preliminary injunction and a motion for the appointment of counsel. ECF No. 22. For the reasons stated hereafter, plaintiff's motions must be denied.

**I.    Background**

This action proceeds on plaintiff's claims that defendants were deliberately indifferent to his medical needs by denying him adequate pain medication and diet accommodations. ECF No. 1; ECF No. 7 at 2.

In his motion for a preliminary injunction, plaintiff alleges that defendant Bobbala, the Chief Medical Officer at California State Prison, Sacramento, is not adequately managing plaintiff's pain in accordance with recommendations made by various pain management experts, which were incorporated into a 2010 settlement agreement. *See* ECF No. 22 at 2, 4, 7-9, 11 (referring to *Giraldes v. Hicimbothom*, 1:09-cv-154-SKO (E.D. Cal.)). Plaintiff claims that the

1

inadequate care prevents him from eating, and caused a sudden and dramatic weight loss from 165 pounds down to approximately 119 pounds in a matter of months. ECF No. 22 at 4, 33-35. According to plaintiff, the pain management expert currently managing his care is not aware of his weight loss, his medical history, or the prior recommendations of other pain management experts. *Id.* at 4.

Plaintiff requests that the court enter a preliminary injunction requiring defendants to "follow the specialists/experts orders that were in place when plaintiff was a safe and healthy 165 lbs., without pain and able to eat, or explain why they stopped doing so, and why plaintiff is 124 lbs." *Id.* at 5.

## II. Legal Standards

Injunctive relief – either temporary or permanent – is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008). The Supreme Court has held that:

> A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.

*Id.* at 20. "When a mandatory preliminary injunction is requested, the district court should deny such relief 'unless the facts and law clearly favor the moving party.'" *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994) (citation omitted).

## III. Analysis

As an initial matter, plaintiff was denied a similar request for injunctive relief in another case he is litigating, *Giraldes v. Nicolai*, 2:16-cv-0497-KJM-AC (E.D. Cal.). *See Nicolai*, ECF No. 59 (finding that all the *Winters* factors weighed against granting plaintiff's motion). As in that case, plaintiff here has failed to establish that he is likely to succeed on the merits or that he will suffer irreparable harm if his requested injunctive relief is not granted.

The instant motion rests on plaintiff's own opinion that inadequate pain management prevents him from eating, thereby causing him to rapidly lose weight. However, speculation of this type is not enough to sustain a deliberate indifference claim. Mere disagreements over the

course of treatment do not establish deliberate indifference and, consequently, do not militate in favor of injunctive relief. *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (holding that "a plaintiff's showing of nothing more than 'a difference of medical opinion' as to the need to pursue one course of treatment over another was insufficient, as a matter of law, to establish deliberate indifference.").

Moreover, the Supreme Court has cautioned that courts should be wary of "day to day management of prisons." *See Sandin v. Conner*, 515 U.S. 472, 482-83 (1995). The type of relief plaintiff requests runs counter to that admonition and would set an unwelcome precedent. Doubtless many, if not all, prisoners would prefer to "shop" medical providers until they found one which they were comfortable with. Being able to do so might, in some cases, improve health outcomes. But it is not the place of the courts to provide them that ability by running roughshod over the recommendations of their current providers. Although plaintiff includes photographs of himself demonstrating an obvious change in his weight, *see* ECF No. 22 at 33, the pictures are not dated, and are of limited evidentiary value. Similarly, current medical records referencing plaintiff as "underweight" are not enough to demonstrate a need for injunctive relief. *See* ECF No. 29 at 37. Absent some evidence of a specific, imminent, and irreparable harm to his health, the court must recommend that plaintiff's motion be denied. *See, e.g., Hawaii v. v. U.S. Dep't of Educ.*, CIVIL 17-00430 LEK-KSC, 2017 U.S. Dist. LEXIS 174076, at *8 (Oct. 20, 2017, D. Hawai'i) ("Because a plaintiff seeking a TRO must establish all of the *Winter* factors to be entitled to relief, the failure to establish irreparable harm is fatal to the TRO Motion, and it is not necessary for this Court to address whether [plaintiff] has established the other *Winter* factors.").

**IV.   Motion for Appointment of Counsel**

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the

ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no exceptional circumstances in this case. Thus, the court declines to appoint counsel at this time.

**V.     Conclusion**

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 22) is DENIED.

Further, it is RECOMMENDED that plaintiff's motion for preliminary injunction (ECF No. 22) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 7, 2018.

EDMUND F. BRENNAN  
UNITED STATES MAGISTRATE JUDGE

4