UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY GIRALDES,<br><br>    Plaintiff,<br><br>v.<br><br>M. BOBBALA, et al.,<br><br>    Defendants. | No. 2:17-cv-2602-MCE-EFB P<br><br><br>ORDER |

Upon review of the briefs and evidence submitted in connection with defendants' motion for summary judgment, the court concludes that exceptional circumstances exist in this case warranting appointment of counsel to represent plaintiff for the limited purpose of obtaining expert evidence and filing an amended opposition to defendants' motion for summary judgment. Chijioke O. Ikonte has been selected from the Court's Pro Bono Attorney Panel to represent plaintiff and has agreed to be appointed for the limited purpose of filing an amended opposition to the motion for summary judgment, including an expert's medical opinion.

The exceptional circumstances warranting such appointment arise from plaintiff's indigency and incarceration which impairs his ability to obtain expert testimony regarding medical issues which are material to the claims at issue, as well as defendants' reliance in their reply brief on plaintiff's lack of a medical expert as grounds for summary judgment. *See* ECF No. 42 at 2-3 (defendants' reply brief, arguing that plaintiff's opposition improperly rebuts

defendants' expert evidence with his lay opinion regarding the proper treatment for his serious medical needs). Courts have observed that where indigency prevents a plaintiff from presenting required expert testimony to address a central issue in the case, the court should exercise its discretion in favor appointing an expert. *Gorton v. Todd*, 793 F. Supp. 2d 1171, 1176, 1184 (E.D. Cal. 2011), citing *Gaviria v. Reynolds,* 476 F.3d 940, 945 (D.C.Cir.2007) *(*citing *Quiet Tech. DC– 8, Inc. v. Hurel–Dubois UK Ltd.,* 326 F.3d 1333, 1348–49 (11th Cir.2003). Here, defendants essentially argue that, because plaintiff cannot present an expert to opine that their conduct was deliberately indifferent, his claims fail. This argument raises the very concerns addressed by the court in *Gorton v. Todd* and which may be avoided through the appointment of an attorney who can secure expert evidence.

Accordingly, it is hereby ORDERED that:

1. Chijioke O. Ikonte is appointed as limited purpose counsel in the above entitled matter. This appointment is for the limited purpose of filing an amended opposition to the motion for summary judgment, including an expert's medical opinion. The amended opposition to the motion for summary judgment is due April 1, 2019.
2. Chijioke O. Ikonte's appointment will terminate when the order ruling on the dispositive motion has been filed. Prior to the termination of the appointment, the court will accord counsel the option of discontinuing his representation of plaintiff or, at his discretion, proceeding as plaintiff's appointed counsel for trial. If counsel does not wish to continue representation of plaintiff after he has carried out this limited purpose, the court will consider appointing new counsel for plaintiff, if deemed appropriate at that time.
3. Appointed counsel shall notify Sujean Park at (916) 930-4278, or via email at spark@caed.uscourts.gov if he has any questions related to the appointment.

/////

/////

/////

1     4. The Clerk of the Court is directed to serve a copy of this order upon Chijioke O.
2        Ikonte, Akudinobi & Ikonte, 3435 Wilshire Blvd, Suite 1520, Los Angeles, CA 90010.
3 DATED: January 24, 2109.

                                        EDMUND F. BRENNAN
                                        UNITED STATES MAGISTRATE JUDGE