UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY GIRALDES, Jr.,<br><br>Plaintiff,<br><br>v.<br><br>M. BOBBALA, et al.,<br><br>Defendants. | No. 2:17-cv-2602-KJM-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding with counsel in an action brought under 42 U.S.C. § 1983. On June 7, 2019, a settlement conference was held before Magistrate Judge Kendall J. Newman and the parties reached a verbal settlement as to this case (and two others). ECF No. 54. The parties were obligated to file dispositional documents within thirty days of that date. *Id.* A stipulation for voluntary dismissal with prejudice, signed by plaintiff and attorney Derrek Lee of the California Office of Attorney General, was filed on June 10, 2019. ECF No. 55. The case was closed the next day. ECF No. 56.

Now, plaintiff has filed two pro se motions – one for reconsideration (ECF No. 57) and another "to vacate order to dismiss as untimely" (ECF No. 59) – both of which argue that: (1) plaintiff was misled by the court during settlement proceedings; (2) that the written settlement

/////
/////

1

terms are "without merit";[1] and (3) that defendants prematurely moved to dismiss this action before the terms of settlement were complete. Chijioke Ikonte – plaintiff's counsel who represented him in settlement – did not sign either motion. Defendants Bobbala, Bodenhamer, Moghaddam, and Nicolai filed an opposition to the motion to vacate order to dismiss. ECF No. 60. Defendant Sahota filed a joinder to the opposition. ECF No. 61.

## Legal Standards

I. Settlement Agreements

"It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987). "Assessing the validity of a settlement agreement . . . is a question of state contract law." *Golden v. Cal. Emergency Physicians Med. Grp.*, 782 F.3d 1083, 1087 (9th Cir. 2015) ("Typically, the construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally." (internal quotation marks and citation omitted)). Under California law, a valid contract requires parties capable of contracting, consent, a lawful object, and consideration. Cal. Civ. Code § 1550; *Lopez v. Charles Schwab & Co., Inc.*, 118 Cal. App. 4th 1224, 1230 (Cal. Ct. App. 2004). "[U]nless a writing is required[2] by the statute

---

[1] Plaintiff has also filed a "supplement" (ECF No. 64) which also attacks the settlement agreement as "invalid." *Id.* at 2.

[2] California Civil Code section 1624 lists seven types of contracts as "invalid" without a writing:

> (1) An agreement that by its terms is not to be performed within a year from the making thereof.
>
> (2) A special promise to answer for the debt, default, or miscarriage of another, except in the cases provided for in Section 2794.
>
> (3) An agreement for the leasing for a longer period than one year, or for the sale of real property, or of an interest therein; such an agreement, if made by an agent of the party sought to be charged, is invalid, unless the authority of the agent is in writing, subscribed by the party sought to be charged.
>
> (4) An agreement authorizing or employing an agent, broker, or any other person to purchase or sell real estate, or to lease real estate for a longer period than one year, or to procure, introduce, or find a purchaser or seller of real estate or a lessee or lessor of real estate

of frauds, oral settlement agreements are enforceable in the same manner as oral agreements in general."

II. Motion for Reconsideration

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

Analysis

I. Motion for Reconsideration

Plaintiff's motion for reconsideration should be denied. This case was closed when plaintiff signed, along with defendants, a stipulation for voluntary dismissal with prejudice under

---

where the lease is for a longer period than one year, for compensation or a commission.

(5) An agreement that by its terms is not to be performed during the lifetime of the promisor.

(6) An agreement by a purchaser of real property to pay an indebtedness secured by a mortgage or deed of trust upon the property purchased, unless assumption of the indebtedness by the purchaser is specifically provided for in the conveyance of the property.

(7) A contract, promise, undertaking, or commitment to loan money or to grant or extend credit, in an amount greater than one hundred thousand dollars ($100,000), not primarily for personal, family, or household purposes, made by a person engaged in the business of lending or arranging for the lending of money or extending credit. For purposes of this section, a contract, promise, undertaking, or commitment to loan money secured solely by residential property consisting of one to four dwelling units shall be deemed to be for personal, family, or household purposes.

Cal. Civ. Code § 1624(a)(1)-(7). The immediate contract does not appear to fall within any of those categories.

3

Federal Rule of Civil Procedure 41. ECF No. 55. Plaintiff now seeks "reconsideration" of the "notice of voluntary dismissal" – a text only entry indicating that this case was closed based on the stipulation. ECF No. 56. There is neither newly discovered evidence, clear error on the part of the court, nor an intervening change in the controlling law. Indeed, there was no order of the court closing the case. *See Pedrina v. Han Kuk Chun*, 987 F.2d 608, 610 (9th Cir. 1993) ("The language of Rule 41(a)(1) is unequivocal. It permits a plaintiff to dismiss an action 'without order of court.'") (quoting Fed. R. Civ. P. 41(a)(1)). If a motion for reconsideration is one seeking a "substantive change of mind by the court," *see Tripati v. Henman*, 845 F.2d 205, 206 n.1 (9th Cir. 1988), then it is inapposite here.[3]

II. Motion to Vacate

Plaintiff's motion to vacate should also be denied. He asks the court to "vacate its order to dismiss under Fed. R. Civ. P 41 as untimely." ECF No. 59 at 1. As noted *supra*, this action was dismissed pursuant to a stipulation which plaintiff signed. There is no order to vacate.[4]

Moreover, in his motion plaintiff states that he signed under the misapprehension that "[s]ettlement was achieved." *Id.* He claims that the written terms drafted by the defendants are "significantly meritless and not what was promised at the verbal settlement." *Id.* He does not, however, explain how the verbal and written terms differ or how the latter are "meritless." Nor has plaintiff offered a valid rationale, under local contract law, for attacking the verbal settlement reached on June 7, 2019. There was an oral settlement agreement before Judge Newman. *See*

---

[3] To the extent, plaintiff proceeds under Rule 60(b) with this motion, the Ninth Circuit has held that:

> Rule60(b)(1) is not intended to remedy the effects of a litigation that a party later comes to regret through subsequently-gained knowledge that corrects the erroneous advice of counsel. For the purposes of subsection (b)(1), parties should be bound by and accountable for the deliberate actions of themselves and their chosen counsel.

*Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1101 (9th Cir. 2006).

[4] Plaintiff also claims that the agreement is untimely insofar as "the [m]otion to dismiss was to be held by defendants until settlement was complete." ECF No. 59 at 1. Again, he signed the stipulation which resulted in this action's dismissal and was aware of the date on which it was signed. *See* ECF No. 55 at 2 (signed and dated by plaintiff).

4

ECF No. 62 at 20-22. There is no indication that plaintiff was incapable of contracting. *See* Cal. Civ. Code § 1556 ("All persons are capable of contracting, except minors, persons of unsound mind, and persons deprived of civil rights."). There was, as the record indicates, consent. ECF No. 62 at 20-22. And plaintiff cannot reasonably argue the absence of either lawful object or consideration. Resolution of pending litigation is a lawful reason to contract. *See Stewart v. Preston Pipeline Inc.*, 134 Cal. App. 4th 1565, 1586 (2005) (settlement has lawful object insofar as it resolves litigation). The settlement conferred, *inter alia*, a financial benefit to plaintiff and, thus, the requirement of consideration is met. ECF No. 62 at 4, 10. The agreement at issue does not fall into any of the seven categories for which the California Civil Code demands a writing.

Lastly, the Ninth Circuit has upheld a district court's enforcement of a negotiated settlement "where, after the terms of the settlement had been placed on the record and agreed to by all parties in open court, the plaintiff refused to execute a written agreement." *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1133-34 (9th Cir. 2002). In *Doi*, the relevant agreement was governed by Hawaii law. Nevertheless, California law also provides that "[i]f the parties to pending litigation stipulate, in a writing signed by the parties outside the presence of the court *or orally before the court*, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement." Cal. Civ. Proc. Code § 664.6 (emphasis added). An oral agreement was reached before the court in this case and, thus, enforcement of the agreement is appropriate.

## Conclusion

Accordingly, the Clerk of Court is directed to serve on plaintiff, along with these findings and recommendations, a copy of the settlement conference transcript (ECF No. 62).

Further, it is RECOMMENDED that:

1. Plaintiff's motion for reconsideration (ECF No. 57) be DENIED; and

2. Plaintiff's motion to vacate order to dismiss as untimely (ECF No. 59) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 17, 2019.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE